- ORIGINAL -

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

David Stevenson )
Michael Manley )
Michael L. Jones )
    Plaintiffs )
        V. )
Thomas Carroll )
    Defendant )

Civil Action No.
04-139 GMS



BD scanned

Plaintiffs Memorandum of Points and Authorities in
Support of Their Motion to Appoint Counsel

1.    This is a civil rights action brought under 42 USC
§1983 by three inmates in state prison who were
housed in an isolation unit. They assert claims of
cruel and unusual punishment, denial of due process
rights, and other related rights.

2.    The complaint alleges that the Plaintiffs were
unlawfully housed on an isolation tier by Defendant Thomas
Carroll.

3.    The Plaintiffs never received a notice of cause
for their confinement in isolation, a hearing written or
orally to challenge the confinement, or any other type
of communication from the Defendant.

4.      At the time of the Complaint Plaintiffs Stevenson and Manley had been in isolation 32 and 33 months respectively. Plaintiff spent a month not in isolation and was moved back without explanation. Plaintiff Jones had been is isolation approximately 13 months. He was transferred to the Delaware Correctional Center ("DCC") from another institution pending an investigation. The other inmates transferred pending the same alleged investigation have been moved out of isolation. Plaintiff Jones has not received any paperwork of the alleged investigation.

5.      This complaint was summarily dismissed by District Court Judge Kent A. Jordan in 2004.

6.      This complaint was re-instated by the Third Circuit Court of Appeals in 2007. That decision was affirmed on appeal and re-assigned to a new Judge, Judge Gregory M. Sleet.

7.      The Plaintiffs were in isolation for an excessive amount of time without cause, and Defendant Carroll never responded to any correspondence from the Plaintiffs.

8.      The Defendant against whom relief is sought was the Warden of DCC and was directly responsible for all administration and determined who was kept in isolation.

9.    In determining whether to appoint counsel for indigent litigants the Court outlined the deciding factors in Tabron v. Grace 6 F.3d 147 (3d Cir 1993):

1. Factual Complexity
2. Plaintiffs ability to investigate
3. The existence of Conflicting testimony
4. Plaintiffs ability to present claim
5. Legal Complexity
6. Merits of the case

Each of factors weights in favor of appointing counsel.

10.    Factual Complexity. The plaintiffs are alleging that as detainees the Warden kept them housed on a segregated isolation tier for so long, without cause, that it amounted to cruel and unusual punishment.

11.    They are challenging any reasons for the housing assignment, the length of time kept in isolation, and the housing rules and regulations for the detainees. The plaintiffs are also claiming the denial of due process because the Warden never gave any reasons for the administrative move, and never gave the plaintiffs an opportunity, orally or in writing, to challenge the confinement.

12.    The number and type of claims, the amount of time the Plaintiffs were in isolation, the amount

of New and Retired top security officers at DCC, Along
with the fact that during the appeals the Defendant
retired and the Plaintiffs were convicted and/or
sentenced, and are now housed in different parts
of the institution will make matters more factually
complex.

13.       Lastly, the Plaintiffs will attempt to show
that their housing and security classification had
an adverse affect on their criminal cases. It
will be necessary to present expert witnesses. Since
the plaintiffs seek a jury trial they will be expected
to cross examine expert witnesses called by the
defendant to prove this claim. Appointed counsel
may be necessary where the case will require
testimony from expert witnesses. Moore v. Mabus
976 F. 2d 268, 272 (5th Cir 1992).

14.       Plaintiffs Ability to investigate. The
plaintiffs are housed in the Security Housing
Unit ("SHU"). Meaning the Plaintiffs are housed
in the most segregated and restricted area of prison
in the State of Delaware.

15.       The Law Library is only available through
the institutional mail system. One of the Plaintiffs
is housed in a different SHU building, and doesn't

have any contact with the other two. Requests for all three to talk have been denied (Exhibit A).

16.    This case will also require extensive discovery including but not limited to security protocol, mental health reports, information on other inmates that were handled differently from the plaintiffs, and witness interviews.

17.    Lastly, the Plaintiffs are unable to identify, locate, and interview inmates treated differently or retired officers working at the time of the complaint. All of these restrictions on the Plaintiffs warrant appointment of counsel. Rayes v. Johnson 969 F. 2d 700 (8th Cir)

18    Conflicting Testimony. The Plaintiffs complaints of due process and cruel and unusual violations are wholely disputed by Defendant Carroll in his affidavit dated July 1, 2004. Furthermore, in his Motion to Dismiss (July 9, 2004) the defendant disputes any need or reason to hold any hearing for an administrative move.

19    The Plaintiffs will also attempt to show from the defendants affidavit and motion to dismiss,

that he felt it was his job to ensure the harshest sentences, and he had an expectation the Plaintiff would receive those sentences.

20.    The Plaintiffs will also assert that being housed in the SHU did affect their sentences and in the case of Plaintiff Jones his conviction.

21.    Therefore witness credibility will be a key issue and is also an important factor in the support of appointment of counsel. Maclin v. Freate 650 F.2d 885 (7th Cir 1981).

22.    Plaintiffs ability to present claim. It was established in District Court on or about March 12, 2004 that the Plaintiffs were indigent prisoners. The Plaintiffs are housed in an isolated segregation unit. And do not have physical access to the Law Library. Requests must be made in writing through the institutional mail system. The Plaintiffs do not have legal training. The Plaintiffs are unable to use a typewriter, the photocopying machine (personally), computer, and do not have full access to a telephone.

23.    These restrictions hamper the Plaintiffs ability to research the Defendants motions and respond in a timely fashion. All of which

favor appointment of counsel. <u>Rayes v. Johnson</u>
<u>967 F.2d 700, 703-04</u>.

24.        <u>Legal Complexity</u>. The Plaintiffs are trying
to prove violations of the First, Eighth, and
Fourteenth Amendments. Furthermore, the Plaintiffs
are claiming those violations hurt their criminal
cases.

25.        These claims will present complex issues of
a civil and criminal nature. Expert witnesses will be
needed to prove correlations between conditions of
confinement and the adverse effects on mental
stability, and how that can affect an inmates ability
to help in his own criminal defense. An extensive
amount of discovery will be required. The Plaintiffs
are also asking for a jury trial and do not have the
legal skill to question witnesses. Further supporting
the need for appointed counsel. <u>Hodge v. Police</u>
<u>Officers 802 F.2d 58, 61 (2d Cir 1986)</u>; <u>Maclin v. Freake</u>
<u>650 F.2d 885, 887-89 (7th Cir 1981)</u>.

26.        <u>Merits of the case</u>. The Plaintiffs
allegations, if proved, clearly would establish
three constitutional violations. The First, Eighth,
and Fourteenth Amendments.

27.      The amount of time housed on a segregated isolation tier, is a clear Eighth Amendment violation for a detainee.

28.      The alleged indifference of the Defendant to explain or document his reasoning for the housing arrangement, his refusal to hold any type of administrative hearing for the Plaintiffs or give them a chance to appeal the move, and his refusal to alter the rules and regulations to accomodate the Plaintiffs unique situations are clear violations of the First and Fourteenth Amendments.

29.      Finally, the Third Circuit Court of Appeals has found enough merit to reinstate this complaint to the District Court. The Defendant hasn't disputed any of the actions the Plaintiffs allege as Constitutional Violations.

30       For the foregoing reasons, the court should grant the plaintiffs motion and appoint counsel in this case.

Date. _____

David Stevenson, Michael Manley, Michael L. Jones
1181 Paddock Road, Delaware Correctional Center
Smyrna, DE 19977

## Certificate of Service

I, _David Stevenson_, hereby certify that I have served a true

and correct cop(ies) of the attached: _Motion for the Appointment of Counsel/_
_Memorandum of Points and Authorities in_ _____ upon the following
_Support of a Motion to Appoint Counsel/_
parties/person (s):


TO: _Judge Gregory M. Sleet_          TO: _Richard W. Hubbard_
_United States District Court_          _Deputy Attorney General_
_844 N. King Street, Lockbox 18_          _Delaware Department of Justice_
_Wilmington, DE 19801-3570_          _820 N. French Street, 6th Floor_
                                          _Wilmington, DE 19801_


TO: _____          TO: _____

_____          _____

_____          _____

_____          _____

_____          _____


**BY PLACING SAME IN A SEALED ENVELOPE** and depositing same in the United
States Mail at the Delaware Correctional Center, Smyrna, DE 19977.


On this _22nd_ day of _MAY_ _____, 200_8_

                    _David Stevenson_
                    David Stevenson
                    317036 - SHV18A
                    1181 Paddock Road
                    Delaware Correctional Center
                    Smyrna, DE 19977